T.C. Memo. 1996-140

UNITED STATES TAX COURT

OLIN E. GIBSON AND ZORA M. GIBSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17826-94.                          Filed March 20, 1996.

Olin E. Gibson, pro se.

<u>John W. Duncan</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

Respondent determined a deficiency in petitioners' 1991
Federal income tax in the amount of $2,502.

---

[1]All section references are to the Internal Revenue Code in
effect for the year at issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

The sole issue for decision is whether benefits received from the U.S. Railroad Retirement Board (USRRB) during the year at issue constitute gross income to petitioners.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Washington, Illinois. References to petitioner are to Olin Gibson.

Petitioner was employed as a railroad worker until his retirement on June 16, 1989. For the taxable year 1991, petitioner and his wife received $13,384 of "Total Gross Taxable" benefits from the USRRB. Although these amounts were identified as "Social security benefits" on line 21a of petitioners' 1991 Federal income tax return, Form 1040, they were not entered as taxable amounts on the adjacent line 21b. Respondent determined in the notice of deficiency that this omission was not proper.

Petitioners argue that benefits received from the USRRB are not taxable. This, however, is simply not the case. Since 1983, railroad retirees have been taxed on two categories of benefits. "Tier 1 benefits", which are treated in the same manner as Social Security benefits, are taxed under the provisions of section 86. "Tier 2 benefits", which are in the nature of pension benefits, are taxed under the provisions of section 72(r). See Ernzen v. United States, 875 F.2d 228 (9th Cir. 1989); Wallers v. United

States, 847 F.2d 1279 (7th Cir. 1988); Bradley v. Commissioner, T.C. Memo. 1991-578.

Based on the sparse record in this case, we find that petitioners received tier 1 and tier 2 benefits during 1991 in the respective amounts of $4,122 and $9,262 which they failed to report as taxable income on their Federal income tax return. Respondent's determination of deficiency is sustained.[2]

Decision will be entered

under Rule 155.

_____

[2]Respondent has acknowledged that tier 1 and tier 2 benefits receive different tax treatment under the provisions of secs. 86 and 72(r).  This difference was not reflected in the notice of deficiency and necessitates a Rule 155 computation in this matter.